22-1192-cv (L)
Atkins v. Walmart, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Ngcoba Atkins,

> *Plaintiff-Appellant*,

> v.                                                                                    **22-1192 (L)**
>                                                                                         **22-1193 (Con)**

Walmart, Inc.,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Ngcoba Atkins, *pro se*, Utica, NY.

**FOR DEFENDANT-APPELLEE:**                    Daniel J. Moore, Svetlana K. Ivy, Harris Beach PLLC, Pittsford, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Andrew T. Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the appeals from the recusal and reconsideration orders are **DISMISSED**.

Plaintiff-Appellant Ngcoba Atkins, proceeding *pro se*, appeals the district court's grant of summary judgment to Walmart, his former employer. Atkins alleged employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the

Americans with Disabilities Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a grant of summary judgment is de novo, construing facts in the light most favorable to Atkins and resolving all ambiguities and drawing all reasonable inferences against Walmart as the moving party. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment should be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when "the evidence is such that a reasonable jury could decide in the non-movant's favor." *Kee*, 12 F.4th at 158 (citation omitted). Atkins is *pro se*, so we liberally construe his filings "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

In his brief, Atkins focuses mostly on procedural issues in lieu of challenging the substantive grounds of the district court's decision. Extending the requisite liberal construction and having independently reviewed the record, we conclude that the district court properly granted summary judgment to Walmart and applied the appropriate legal standards. *See Vega v. Hempstead Union Free Sch.*

*Dist.*, 801 F.3d 72, 82–83, 90–91 (2d Cir. 2015); *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). The district court determined that Atkins had failed to offer sufficient evidence of retaliation. Walmart offered evidence of legitimate, non-retaliatory reasons for every adverse employment action, including Atkins's eventual termination. Therefore, we affirm for substantially the same reasons as the district court. *See Atkins v. Walmart, Inc.*, No. 20-CV-1217, 2022 WL 1320300, at *6–27 (N.D.N.Y. May 2, 2022).

Atkins's remaining arguments on appeal are also meritless. First, Atkins contends that the district court issued erroneous discovery orders. We review those for abuse of discretion. *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008). Atkins provides no legal support for his challenges and merely asserts that the court abused its discretion. We disagree. The district court's "thorough and well-reasoned discovery orders throughout litigation" do not constitute an abuse of discretion. *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 125–26 (2d Cir. 2020).

Second, Atkins asserts that the district court violated N.D.N.Y. Local Rule 7.1(c) by refusing to construe Walmart's motion for summary judgment as a cross-

4

motion and by failing to issue separate opinions dealing with Atkins's and Walmart's summary-judgment motions. Local Rule 7.1(c) provides that "[a] party *may* file and serve a cross-motion . . . at the time it files and serves its opposition papers to the original motion." N.D.N.Y. L.R. 7.1(c) (emphasis added). Contrary to Atkins's contentions, the Local Rule is permissive, so Walmart was free either to cross-move for summary judgment or to file its own summary-judgment motion, the latter of which it did before the deadline for initial dispositive motions. Furthermore, the district court was not required to issue two separate opinions. The district court enjoys broad discretion in managing its docket, and factual and legal contentions overlapped substantially between the two competing summary-judgment motions. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (noting the district court's "discretion to control its docket").

Finally, Atkins argues that the district court erred when it terminated his post-judgment motions for recusal and reconsideration as moot on the basis that Atkins's notice of appeal divested the court of jurisdiction. But we lack jurisdiction to review and thus dismiss those orders. First, Atkins failed to file a

5

new or amended notice of appeal after the district court terminated his motions. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . must file a notice of appeal, or an amended notice of appeal."). Second, even extending liberal construction, Atkins's notice of appeal predates the post-judgment motions, so the notice of appeal cannot be construed as "bring[ing] up for review" the motions that did not "produce[] the judgment" from which Atkins appeals. *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) (cleaned up).

We have considered Atkins's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DISMISS** the appeals from the recusal and reconsideration orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court